IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

UNITED STATES EQUAL )
EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
          Plaintiff, )
)
vs. )
)
BROWN & BROWN OF FLORIDA, INC., )
)
          Defendant. )
_____ )

Case No.: _____

## PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL [INJUNCTIVE RELIEF REQUESTED]

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title I"), and the Pregnancy Discrimination Act ("PDA") of 1978, 42 U.S.C. § 2000e(k), to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Nicole Purcell ("Charging Party" or "Purcell"), who was adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff"), alleges that Defendant, Brown & Brown of Florida, Inc. ("Defendant" or "Brown & Brown"), discriminated against Nicole Purcell by failing to hire her because of her pregnancy, a condition of her sex (female).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3) ("Title

1

VII"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the pregnancy Discrimination Act of 1978, and is expressly authorized to bring this action under Sections 706(t)(I) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. At all relevant times, Defendant has continuously been a corporation doing business in Volusia County, Florida and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-l(b), (g) and (h).

## ADMNINISTRATIVE PROCEEDINGS

6. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging Defendant violated Title VII and the Pregnancy Discrimination Act of 1978.

7. Prior to the institution of this lawsuit, the Commission investigated the charge and issued a Letter of Determination finding that Defendant had discriminated against Charging Party because of her pregnancy, a condition of her sex (female). Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices alleged herein and to

effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Title VII.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

9. On January 27, 2015, Charging Party Nicole Purcell ("Purcell") applied for the Personal Lines Technical Assistant position at Brown & Brown's Daytona Beach location.

10. The Personal Lines Technical Assistant position is an entry level position and typically leads to promotion within the company.

11. Purcell was qualified for the position for which she applied.

12. On January 28, 2015, Purcell received an email from Brown & Brown's Employee Services Coordinator, Nicole Kokin, asking her to fill out an additional application and scheduling an interview for the position.

13. On February 10, 2015, Purcell interviewed for the position with Personal Lines Department Leader, Katie Palmer.

14. That same day, Palmer invited Purcell to come in for another interview with the current Technical Assistant.

15. On February 19, 2015, Purcell went in to Brown & Brown's Daytona Beach location for her second interview, during which Purcell had an opportunity to shadow the day-to-day tasks of the current Technical Assistant.

16. Later that day, Palmer emailed Purcell, advising her to expect an email from a Ms. Karly White, who would arrange a follow up interview with Palmer's boss, Alan Florez.

17. On March 4, 2015, Purcell went to Brown & Brown's Daytona Beach location to interview with Florez.

3

18. After the interview, Florez left Purcell's presence to have a brief discussion with Palmer, while Purcell waited for further instruction.

19. Minutes later, Palmer approached Purcell, told her "We're not considering anyone else, so the position is yours if you want it," and suggested that Purcell think about it over the weekend before making a decision.

20. Later that morning, Purcell sent Palmer an email indicating that she was "looking for a forever career" and would love the opportunity to work for Brown & Brown.

21. Relying on Palmer's statement, Purcell submitted two weeks' notice to her then-employer so that she would be available to start as soon as possible in her new position.

22. When she did not hear from Palmer for several days, Purcell emailed her on March 11, 2015 and asked if she was still being considered for the position. Palmer responded, telling Purcell that she had several other candidates to interview, but that she could expect a decision by the end of the week.

23. On March 12, 2015 at 10:50 a.m., Palmer directed Brown & Brown's Employee Services Coordinator, Nicole Kokin, by email to write an offer letter for Purcell, with a starting pay of $13.50/hour and a start date of either March 30 or April 6, 2015.

24. Ten minutes later, Purcell received an offer letter and employment agreement form via email from Kokin sent under Palmer's signature, and Palmer was copied on the email.

25. At 11:45 a.m., Purcell sent Palmer an email thanking her for offer and asking if she could speak with her before formally accepting.

26. Palmer directed Purcell to Kokin.

27. At 1:41 p.m., Purcell spoke with Kokin by telephone, advised that she was pregnant, but not due for another several months, and asked about the company's maternity benefits.

28. Purcell also advised that she did not intend to take extended leave from work.

29. Kokin said she would have to get back to her and mentioned a former employee who was pregnant, and that it "didn't turn out well."

30. Kokin then called Palmer to discuss her conversation with Purcell.

31. At 2:07 p.m., Purcell received an email from Kokin rescinding the job offer because the Respondent had "a very urgent need to have somebody in this position long term…We appreciate you telling us beforehand."

32. Purcell emailed both Kokin and Palmer in response explaining that her pregnancy would not affect her work and she was not planning on taking an extended leave after having the baby. Purcell also wrote that she would not require any special treatment or accommodations during her pregnancy because she did not have any complications that would interfere with the duties of a Technical Assistant.

33. During the interviews, Purcell was in the early months of her pregnancy and did not show or appear pregnant.

34. As a result of Defendant's conduct, Charging Party suffered damages.

## STATEMENT OF CLAIMS

35. As set forth in paragraphs 9 through 34, Defendant engaged in unlawful employment practices including the failure to hire Charging Party because of her pregnancy, a condition of her sex (female).

36. As set forth in paragraphs 9 through 34, Defendant's conduct constitutes unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2 and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k).

37. As a result of Defendant's acts as stated above in paragraphs 9 through 34, Charging Party has suffered emotional pain, mental anguish, suffering, humiliation, inconvenience, loss of enjoyment of life, and other damage.

38. The unlawful employment practices complained of above in paragraphs 9 through 34 were intentional and caused pecuniary loss to Charging Party including, but not limited to, out-of-pocket expenses, lost earnings, compensation, and benefits.

39. The unlawful employment practices complained of above in paragraphs 9 through 34 were done intentionally and with malice and/or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex, female (pregnancy);

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit discrimination based on sex (pregnancy) and any other employment practice which discriminates on the basis of sex and which eradicates the effects of its past and present unlawful employment practices;

C. Order Defendant to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas and ensure compliance with policies on nondiscrimination; and requiring all managers and supervisors to report any incidents

6

and/or complaints of discrimination of which they become aware to the department/persons charged with handling such complaints;

D. Order Defendant to make whole Charging Party by providing all affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, instatement of Charging Party into the position for which she was not hired or a substantially similar position or front pay, if not feasible;

E. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary loss, including appropriate back pay and benefits with prejudgment interest and all out-of-pocket expenses, in amounts to be determined at trial;

F. Order Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

G. Order Defendant to pay Charging Party punitive damages for the intentional, malicious, and reckless indifferent conduct described above, in amounts to be determined at trial;

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 21, 2016

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

7

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

_____
ROBERT E. WEISBERG
Regional Attorney
Florida Bar No: 285676
Email: robert.weisberg@eeoc.gov

_____
KIMBERLY A. McCOY-CRUZ
Supervisory Trial Attorney
Florida Bar No: 153729
Email: kimberly.cruz@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 305-808-1790
Fax: 305-808-1835