# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES EQUAL )
EMPLOYMENT OPPORTUNITY )
COMMISSION, )
       Plaintiff, )
v. )   Case No. 6:16-cv-1326-RBD-DCI
)
BROWN & BROWN OF FLORIDA, )
INC. )
       Defendant. )
_____ )

## CONSENT DECREE

The Consent Decree ("Decree") is made and entered into by and between Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), and Defendant, Brown & Brown of Florida, Inc. ("Brown & Brown") (collectively, the "Parties").

### I. INTRODUCTION

1. The EEOC filed this action on July 25, 2016 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title I"), and the Pregnancy Discrimination Act ("PDA") of 1978, 42 U.S.C. § 2000e(k), to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Nicole Purcell ("Purcell").

2. The EEOC alleged that Brown & Brown discriminated against Purcell by failing to hire her because of her pregnancy, a condition of her sex (female). Brown & Brown denies these allegations and states that, by entering into this decree, it admits no wrongdoing or violation of the law.

1

3. In the interest of resolving this matter without further litigation and adjudication, the Parties have agreed that this action should be finally resolved by entry of this Decree.

4. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court (unless a different procedure is specifically provided for in this agreement with respect to particular provisions).

5. This Decree constitutes the complete understanding between the EEOC and Brown & Brown with respect to the matters herein. While a separate settlement agreement may be executed between Purcell and Brown & Brown, any such agreement shall not supersede or conflict with this Decree and the EEOC shall not be a party to any such agreement.

6. If one or more of the provisions contained herein are deemed or rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate its purposes. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

7. This Decree fully and finally resolves any and all claims asserted in the Complaint filed by the EEOC in this action styled *EEOC v. Brown & Brown of Florida, Inc.*, No. 6:16-cv-01326-RBD-DAB (M.D. Fla.), which arose from EEOC Charge No. 510-2015-02579 filed by Purcell.

8. The Parties acknowledge that this Decree does not resolve any charges of Discrimination that may be pending with the EEOC against Brown & Brown, or any charge that may be filed in the future, other than the charges listed above. The EEOC reserves all rights to proceed regarding matters not covered in this Decree.

9. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, assigns, subsidiaries, affiliates, and any other corporations or entities into which Brown & Brown may merge or with which it may consolidate.

## II. FINDINGS

10. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and of the Parties, venue is proper, and all administrative prerequisites have been met.

   b. The Court shall retain jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein for the duration of this Decree.

   c. A breach of any term of this Decree by Brown & Brown shall be deemed a substantive breach of this Decree for which the EEOC may bring an enforcement action. No party shall contest the validity of this Consent Decree, or the jurisdiction of the Federal District Court to enforce this Consent Decree and its terms.

    d. The terms of this Decree are adequate, reasonable, equitable, and just.

    e. The rights of the Parties, Purcell, and the public interest are adequately protected by this Decree.

    f. This Decree conforms with the Federal Rules of Civil Procedure and Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and is not in derogation of the rights or privileges of any person.

    g. The entry of this Decree will further the objectives of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and is in the best interests of the Parties, the Purcell, and the public.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree and the Court finds appropriate, and it is therefore **ORDERED, ADJUGED, and DECREED AS FOLLOWS:**

### III. DURATION OF THE DECREE & RETENTION OF JURISDICTION

11.    All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years which period commences immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## IV. MONETARY RELIEF

12. Brown & Brown shall pay total, exclusive, and voluntary monetary relief totaling **$100,000.00** to settle the claims asserted by the EEOC in its Complaint. Such payments, as detailed below, shall be made to Purcell through her attorney. It is acknowledged that this monetary relief agreed to in settlement of damages, as set forth herein, constitutes a debt owed to and collectible by the United States.

13. Within fourteen (14) calendar days of the entry of this Decree, Brown & Brown shall pay monetary damages to Purcell in two separate checks made payable to the Trust Account of Damore, Delgado, Romanik & Rawlins, PLC as follows:

   a. a check in the amount of **$30,000.00** representing back pay; and

   b. a check in the amount of **$70,000.00** representing other damages authorized under Title VII.

14. Brown & Brown will make all applicable withholdings from the back pay awards for federal, state, and local income taxes, and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act ("FICA"), and Brown & Brown will be responsible for paying its employer share of any costs, taxes, or Social Security required by law. Brown & Brown will issue an IRS W-2 form for the payment allocated to Purcell's back pay award, and will issue withholding statements detailing all legal withholding made at the time the checks are issued. Brown & Brown will also issue an IRS 1099 form for the payment allocated to damages other than back pay. The checks and IRS forms will be mailed by overnight mail to Purcell's counsel: Matthew E. Romanik, Esq., Damore, Delgado, Romanik & Rawlins, PLC, 227 Seabreeze Blvd., Daytona Beach, Florida 32118. Brown &

Brown will simultaneously forward a copy of the checks, IRS forms, and withholding statements by electronic mail to "EEOC Regional Attorney, Robert E. Weisberg, Re: Brown & Brown Consent Decree," at robert.weisberg@eeoc.gov, with a copy to kimberly.cruz@eeoc.gov.

15. If Purcell or her counsel fail to timely receive any of the payments described in paragraphs 14-15 above, then Brown & Brown shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, in addition to any other remedies available under this Decree.

## V. INJUNCTIVE RELIEF

16. Nothing in this Decree shall be construed to limit or reduce Brown & Brown's obligation to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, ("Title VII"); Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, as amended; the Equal Pay Act ("EPA"), 29 U.S.C. §206(d); and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000f.

### NO DISCRIMINATORY PRACTICES

17. Brown & Brown shall take all affirmative steps to ensure that it does not subject its applicants or employees to pregnancy discrimination or otherwise discriminate on the basis of sex and pregnancy, or retaliate against its employees for engaging in Title VII-protected activity.

### HIRING WITHOUT REGARD TO PREGNANCY

18. Brown & Brown, its owners, representatives, agents, managers, successors and assigns, agree to consider all applicants for employment on an equal basis without regard to pregnancy status and/or pregnancy-related disability.

### EQUAL EMPLOYMENT OPPORTUNITY RECRUITING.

19. Brown & Brown shall indicate that Brown & Brown is an equal opportunity employer that employs persons regardless of race, religion, color, national origin, sex, disability, age (40 and over), veteran status, and other protected status as required by applicable law on its website, in all advertisements and postings for all job vacancies and a statement to this effect in the area of its offices frequented by job applicants.

### ADOPTION AND DISTRIBUTION OF POLICY REGARDING PREGNANCY DISCRIMINATION

20. Within thirty (30) calendar days of the entry of this Consent Decree, Brown & Brown shall create and implement a pregnancy discrimination policy (the "Policy"). The Policy must clearly define prohibited conduct and specifically prohibit discrimination against all employees and applicants for employment on the basis of pregnancy. Specifically, at a minimum, the Policy:

   a. Shall state that Brown & Brown is committed to compliance with Title VII, as amended by the Pregnancy Discrimination Act and similar state laws, will not take pregnancy into consideration at the time of employment decisions and will engage in the interactive process with an employee or applicant who requests accommodation due to a pregnancy-related condition; and

b. Shall provide that Brown & Brown shall not fail to make an offer of employment to a qualified candidate based on that job applicant's pregnancy status, status of pregnancy-related disabilities, and/or perceived medical or disability problems relating to pregnancy.

c. A copy of the Policy will be provided to the EEOC for review within thirty (30) calendar days of the entry of this Decree. Within seven (7) calendar days of the Policy's adoption, Brown & Brown shall distribute copies of the Policy to each of Brown & Brown's employees and managers. Additionally, a copy of the Policy shall be distributed to each job applicant to whom Brown & Brown offers employment. A copy of the Policy shall also be included in any relevant policy or employee manuals or handbooks maintained by Brown & Brown. The Policy must be kept and maintained in a conspicuous and accessible place for all employees of Brown & Brown and printed in a font that is easily legible (at least 12 point font).

### TRAINING OF MANAGERS, SUPERVISORS AND HUMAN RESOURCES PERSONNEL AT BROWN & BROWN'S DAYTONA BEACH LOCATION

21. Brown & Brown shall provide all managers, supervisors and human resources personnel in Florida who play any role in the hiring process and who work out of Brown & Brown's location in Daytona Beach, Florida with training on sex discrimination in all its forms including and in particular, pregnancy discrimination, during the term of this Decree.

a. Each training shall last a minimum of two (2) hours.

b. Brown & Brown agrees to make this annual management training mandatory and to require the attendance of all managers, supervisors and human resources personnel in Florida who play any role in the hiring process.

c. The first training session shall take place within one hundred eighty (180) calendar days of the Court's approval of this Decree. The remaining training session shall take place no later than June 1, 2018.

d. Brown & Brown shall retain, at its own expense, a subject matter expert ("SME") on sex discrimination, including pregnancy discrimination, to conduct the training sessions. The SME shall be identified to the EEOC within thirty (30) days of the entry of this Decree, and Brown & Brown must obtain the EEOC's agreement on the SME. The EEOC's agreement of the SME will not be unreasonably withheld.

e. Managers, supervisors and human resources personnel in Brown & Brown's Daytona Beach location shall receive live, in-person training.

f. Each training shall include the following: (1) an explanation of sex discrimination and the laws protecting applicants and employees from it; (2) an explanation of pregnancy discrimination and the laws protecting applicants and employees from it; (3) an explanation of accommodations required as a result of pregnancy-related disabilities; (4) laws governing the hiring process with respect to sex discrimination and accommodation of pregnancy-related accommodations; and review of Brown & Brown policies and procedures with

respect to pregnancy including anti-discrimination and anti-retaliation provisions, maternity leave and benefits policies, etc.

22. During these training sessions, Brown & Brown shall provide all required participants with a copy of Brown & Brown's pregnancy and maternity leave policies, as described in paragraph 20.

23. Brown & Brown agrees to notify the EEOC at least two weeks before each training of the date(s) and location of the training. Brown & Brown may video record the training (or record by another method capturing audio and video) and shall require any manager, supervisor or human resources employee in the Daytona Beach location who misses the live, in-person training session to watch the training video and to review all materials provided during the training session.

24. Brown & Brown further agrees to require each manager, supervisor or human resources employee in the Daytona Beach location who misses the live, in-person training session to certify that they have watched the video recording of the training and reviewed all materials provided during the training session. Such certification must be provided to Robert Bowling or his designee within fourteen (14) days of the date the required participant who missed the live, in-person training session returns to work. The parties agree that the video "make up" training for managers, supervisors or human resources employees in the Daytona Beach location is made available in an abundance of caution and shall not be used as a substitute for attendance at the annual live training events contemplated by this Consent Decree.

25. After each training required under paragraphs 21-24, Brown & Brown agrees to provide the EEOC with the following information within thirty (30) days: (1) the number of managers, supervisors and human resources personnel in Florida who play any role in the hiring process at the Daytona Beach location (as of the date of the training); (2) the number of live attendants in the Daytona Beach location; and (3) the number of post-live training certifications received from required participants at the Daytona Beach location. Additionally, Brown & Brown agrees that the EEOC may, at the EEOC's discretion, attend any live training session.

### TRAINING OF NON-MANAGERIAL EMPLOYEES; TRAINING OF MANAGERS, SUPERVISORS AND HUMAN RESOURCES PERSONNEL AT BROWN & BROWN'S FLORIDA LOCATIONS OTHER THAN DAYTONA BEACH

26. Brown & Brown shall also provide all non-managerial employees and all managers, supervisors and human resources personnel who play any role in the hiring process, who work at Brown & Brown's Florida locations other than the Daytona Beach location, with annual training on sex discrimination, including pregnancy discrimination, during the term of this Decree.

   a. The training, which may be conducted by webinar or video, shall last a minimum of one (1) hour.

   b. The first training session shall take place within one hundred eighty (180) days of the Court's execution of this Decree. The remaining training session shall take place no later than June 1, 2018.

   c. This training shall be provided by a subject matter expert ("SME") on sex discrimination, including pregnancy discrimination. The SME shall be

       identified to the EEOC within thirty (30) days of the entry of this Decree, and Brown & Brown must obtain the EEOC's agreement on the SME. The EEOC's agreement on an SME will not be unreasonably withheld.

    d. Each training shall include the following: (1) an explanation of sex discrimination and the laws protecting applicants and employees from it; (2) an explanation of pregnancy discrimination and the laws protecting applicants and employees from it; (3) an explanation of accommodations required as a result of pregnancy-related disabilities; and review of Brown and Brown policies and procedures with respect to pregnancy including anti-discrimination and anti-retaliation provisions, maternity leave and benefits policies, etc.

    e. In connection with this training, Brown & Brown will provide all required participants with a copy of Brown & Brown's pregnancy and maternity leave policies, as described in paragraph 20.

    f. Brown & Brown will also provide the training attendees with names, email addresses, and contact information for at least two Brown & Brown employees who work at different locations or divisions in Florida who may receive complaints about pregnancy discrimination.

27.    Brown & Brown agrees to notify the EEOC at least fourteen (14) days before each training session. Brown & Brown further agrees to require each manager, supervisor or human resources employee who misses the live, in-person training session to certify that they have watched the webinar or a video recording of the training and reviewed all materials

provided during the training session. Such certification must be provided to Robert Bowling or his designee within fourteen (14) days of the date the required participant who missed the live, in-person training session returns to work.

28.     After each training required under paragraphs 26-28, Brown & Brown agrees to provide the EEOC with the following information within thirty (30) days: (1) the number of managers, supervisors and human resources personnel in Florida who play any role in the hiring process at locations other than the Daytona Beach location (as of the date of the training); and (2) the number of post-training certifications received from required participants.

## MONITORING AND REPORTING

29.     Brown & Brown will provide the EEOC with annual reports for a period of two (2) years following the Effective Date of this Decree. The first report will be due by June 1, 2017, and the second report will be due on June 1, 2018. Each report shall contain:

    a.     A description of each pregnancy discrimination complaint made by a Brown & Brown employee, including the names, addresses and telephone numbers of the complaining party and any witnesses identified by the complaining party;

    b.     A certification that the Notice required to be posted pursuant to paragraph 33 of this Decree remained posted during the entire period preceding the report; and

    d.     A certification that the Training described above has been completed, including a list of participants and their job titles, and the date(s)

the training was completed. The EEOC may monitor compliance during the duration of this Decree by inspection of Brown & Brown's facilities, records, and interviews with employees at reasonable times. Upon thirty (30) days' notice by the EEOC, Brown & Brown will make available for inspection and copying any records requested by the EEOC and will make employees available for interview by EEOC to confirm compliance with this Decree.

30. Any reports or notices to the EEOC required by this Decree shall be sent by electronic mail to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Brown & Brown Consent Decree," at robert.weisberg@eeoc.gov, with a copy to kimberly.cruz@eeoc.gov.

## POSTING OF NOTICE

31. Within thirty (30) calendar days from the Court's execution of this Decree, Brown & Brown shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as **Exhibit A** to this Decree at Brown & Brown's facilities in Florida on conspicuous locations easily accessible to and commonly frequented by Brown & Brown employees (*e.g.*, next to the reception desk, in the lunch room/cafeteria, in employee locker rooms). The Notice shall remain posted for the entire term of this Decree. Brown & Brown shall take all reasonable steps to ensure that the postings are not altered, defaced, or covered by any other material. Within forty-five (45) calendar days from the Court's entry of this Decree, Brown & Brown shall certify to the EEOC in writing that the Notice has been properly posted as described in this paragraph and will provide a digital photo of the posting.

## VI. MISCELLANEOUS PROVISIONS

32.     Nothing contained in this Decree will be construed to limit any obligation Brown & Brown may otherwise have to maintain records under Title VII or any other law or regulation.

### DOCUMENT AND DATA RETENTION

33.     Notwithstanding the expiration of the other provisions of this Decree, for one (1) calendar year after the expiration of the term of this Decree, Brown & Brown shall retain all documents or data made or kept under this Decree. Brown & Brown shall provide such documents or data to the EEOC within fifteen (15) business days after receiving the EEOC's written request, provided the same is received by Brown & Brown no later than fifteen (15) days after the expiration of such one-year period. This information will be sought by EEOC for purposes of ascertaining and ensuring compliance with the Consent Decree..

### DISPUTE RESOLUTION

34.     In the event that either party believes that the other party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party ten (10) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied.This time period may be extended by the parties by agreement. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) calendar days (or as further agreed), the complaining party may apply to the Court for appropriate relief.

35.     The dispute resolution provision is not applicable to the monetary provisions of this Consent Decree.

36.     No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge EEOC's ability to bring an action to enforce the terms of the Decree in this Court.

### NOTIFICATION TO SUCCESSORS

37.     Brown & Brown shall provide prior written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchasers, successors, assigns, subsidiaries, affiliates, or any other corporation, entity, or division with which Brown & Brown may merge or consolidate. All such entities shall be bound by this Decree.

### NO CONDITIONAL RECEIPT

38.     Brown & Brown will not condition the receipt of individual relief on an individual's agreement to: (a) maintain as confidential the terms of this Consent Decree; (b) waive his or her statutory right to file a charge with any federal or state anti–discrimination agency; or (c) waive his or her right to apply for a position with Brown & Brown.

### COSTS

39. Each party to this Decree shall bear its own costs associated with this litigation.

**[END]**

SO ORDERED, ADJUDGED AND DECREED, this _____ day of _____, 2017.


_____
ROY B. DALTON
UNITED STATES DISTRICT JUDGE

**AGREED TO:**

For Plaintiff U.S. Equal Employment Opportunity Commission:

By: _____ Date: 4/6/17

ROBERT E. WEISBERG
Regional Attorney
U.S. EEOC
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 305-808-1801
robert.weisberg@eeoc.gov

*Attorney for Plaintiff U.S. EEOC*


For Defendant, Brown and Brown of Florida, Inc.:

By: _____ Date: 4/5/17
           James Lanni
Title: Vice President

As to form,
By: _____ Date: 4/6/17

Marilyn G. Moran, Esq.
Ford Harrison
300 South Orange Avenue, Suite 1300
Orlando, Florida 32801
Tel: 407 418 2310
mmoran@fordharrison.com

*Attorney for Defendant Brown & Brown of Florida, Inc.*

18

## EXHIBIT A

## NOTICE TO ALL BROWN & BROWN OF FLORIDA, INC.'S EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in *E.E.O.C. v. Brown & Brown of Florida, Inc.*, No. 6:16-cv-01326-RBD-DAB (M.D. Fla.). In this case, the Plaintiff alleged that Brown & Brown of Florida, Inc. ("Brown & Brown") discriminated against Nicole Purcell by failing to hire her because of her pregnancy, a condition of her sex (female). Brown & Brown denied these allegations and will continue to comply with all applicable laws as set forth below.

Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act ("PDA") protects individuals from employment discrimination because of pregnancy. Brown & Brown will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, pregnancy discrimination. It is the policy of Brown & Brown to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability. Brown & Brown adheres to its policy of prohibiting intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act ("ADEA"), the Genetic Information Non-Discrimination Act ("GINA"), the Equal Pay Act ("EPA") of 1963, and/or the Americans with Disabilities Act ("ADA").

Brown & Brown also assures its employees that its commitment to following these federal laws includes not taking any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with the EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Brown & Brown's policy prohibiting discrimination and retaliation in any form.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact the EEOC at (305) 808-1740. The EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: Brown & Brown Settlement, c/o Regional Attorney Robert E. Weisberg, U.S. Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131.

Date: April 6, 2017