UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

and

NICOLE PURCELL,

    Intervening Plaintiff,

v.                                    Case No. 6:16-cv-1326-Orl-37DCI

BROWN & BROWN OF FLORIDA,
INC.,

    Defendant.
_____

**ORDER**

On July, 25, 2016, Plaintiff United States Equal Employment Opportunity Commission ("**EEOC**") filed a Complaint, seeking monetary and injunctive relief to correct Defendant Brown & Brown of Florida, Inc.'s ("**Brown & Brown**") allegedly unlawful employment practices and provide appropriate relief to Nicole Purcell ("**Purcell**"). (*See* Doc. 1.) On April 6, 2017, the EEOC and Brown & Brown (collectively, the "**Parties**") filed a Joint Motion for Approval and Entry of Consent Decree (Doc. 38 ("**Proposed Decree**")), which the Parties represent resolves all claims in this action (*see* Doc. 38-1).

District courts should approve consent decrees so long as they are constitutional,

-1-

lawful, reasonable, and not contrary to public policy. *See Stovall v. City of Cocoa, Fla.*, 117 F.3d 1238, 1240 (11th Cir. 1997); *see also Howard v. McLucas*, 871 F.2d 1000, 1008 (11th Cir. 1989). After slight modifications,[1] the Court finds that the Proposed Decree satisfies these requirements. As such, the Joint Motion for Approval and Entry of Consent Decree (Doc. 38) is **GRANTED**. Accordingly, the Count enters the following Consent Decree.

## CONSENT DECREE

### I.   INTRODUCTION

1. The EEOC filed this action on July 25, 2016 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 ("**Title VII**"), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 198la ("**Title I**"), and the Pregnancy Discrimination Act ("**PDA**") of 1978, 42 U.S.C. § 2000e(k), to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Purcell.

2. The EEOC alleges that Brown & Brown discriminated against Purcell by failing to hire her because of her pregnancy, a condition of her sex. Brown & Brown denies these allegations and admits no wrongdoing or violation of the law by entering into this Consent Decree.

---

[1] On April 25, 2017, the Court issued a Notice to Counsel informing the Parties that the Court had modified the Proposed Decree to comport with the law disfavoring "obey the law" provisions in injunctions and consent decrees. (*See* Doc. 41.) Neither Party objected to such modifications. Further, the Court has modified certain provisions to address redundancies and conform to the Court's preferences.

3. In the interest of resolving this matter without further litigation and adjudication, the Parties have agreed that this action should be finally resolved by entry of this Consent Decree.

4. No waiver, modification, or amendment of any provision of this Consent Decree will be effective unless made in writing, approved by all parties to this Consent Decree, and approved or ordered by the Court (unless a different procedure is specifically provided for in this agreement with respect to particular provisions).

5. This Consent Decree constitutes the complete understanding between the EEOC and Brown & Brown with respect to the matters herein. While a separate settlement agreement may be executed between Purcell and Brown & Brown, any such agreement shall not supersede or conflict with this Consent Decree and the EEOC shall not be a party to any such agreement.

6. If one or more of the provisions contained herein are deemed or rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Consent Decree in order to effectuate its purposes. In any event, the remaining provisions will remain in full force and effect unless the purposes of this Consent Decree cannot be achieved, despite the Parties' best efforts.

7. This Consent Decree fully and finally resolves any and all claims asserted in the Complaint filed by the EEOC in this action which arose from EEOC Charge No. 510-2015-02579 filed by Purcell.

8. The Parties acknowledge that this Consent Decree only resolves the charges in this action. It does not resolve any charges of discrimination that may be pending with the EEOC against Brown & Brown. The EEOC reserves all rights to pursue matters not covered in this Consent Decree.

9. The terms of this Consent Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, assigns, subsidiaries, affiliates, and any other corporations or entities into which Brown & Brown may merge or with which it may consolidate.

## II.   FINDINGS

10. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

    a. The Court has jurisdiction over the subject matter of this action and of the Parties, venue is proper, and all administrative prerequisites have been met.

    b. The Court shall retain jurisdiction to enforce this Consent Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein for the duration of this Consent Decree.

    c. A breach of any term of this Consent Decree by Brown & Brown shall be deemed a substantive breach for which the EEOC may bring an enforcement action. No Party shall contest the validity of this Consent

        Decree, or the Court's jurisdiction to enforce its terms.

    d.    The terms of this Consent Decree are adequate, reasonable, equitable, and just.

    e.    The interest of the public and the rights of the Parties and Purcell are adequately protected by this Consent Decree.

    f.    This Consent Decree conforms to the Federal Rules of Civil Procedure, Title VII, and Title I and is not in derogation of the rights or privileges of any person.

    g.    The entry of this Consent Decree will further the objectives of Title VII and Title I and is in the best interests of the Parties, Purcell, and the public.

By agreement of the parties and in consideration of the mutual promises and agreements contained in this Consent Decree, it is **ORDERED, ADJUGED, AND DECREED AS FOLLOWS**:

### III.    DURATION OF CONSENT DECREE

11.    Upon the entry of this Consent Decree, all provisions herein shall be in effect for a period of **two years,** unless extended by Court order.

### IV.    MONETARY RELIEF

12.    Brown & Brown shall pay total, exclusive, and voluntary monetary relief in the amount one hundred thousand dollars (**$100,000.00**) to settle the claims asserted by the EEOC in its Complaint ("**Settlement Payment**"). The Settlement Payment, as detailed below, shall be made to Purcell through her

attorney. It is acknowledged that the Settlement Payment constitutes a debt owed to and collectible by the United States.

13. Within **fourteen calendar days** of the entry of this Consent Decree, Brown & Brown shall make the Settlement Payment to Purcell in two separate installments made payable to the Trust Account of Damore, Delgado, Romanik & Rawlins, PLC as follows:

   a. A check in the amount of thirty thousand dollars (**$30,000.00**) representing back pay; and

   b. A check in the amount of seventy thousand dollars (**$70,000.00**) representing other damages authorized under Title VII.

   ("**Payment Schedule**")

14. Brown & Brown will make all applicable withholdings from the back pay award for federal, state, and local income taxes and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act. Brown & Brown will also be responsible for paying its employer share of any costs, taxes, or Social Security required by law. Brown & Brown will issue an IRS W-2 form for the portion of the Settlement Payment allocated to Purcell's back pay award and will issue statements detailing all legal withholding made at the time the checks are issued. Brown & Brown will also issue an IRS 1099 form for the portion of the Settlement Payment allocated to damages other than back pay. The checks and IRS forms will be delivered by overnight mail to Purcell's counsel: Matthew E. Romanik, Esq. at Damore, Delgado, Romanik &

      Rawlins, PLC, 227 Seabreeze Blvd., Daytona Beach, FL 32118. Brown & Brown will simultaneously e-mail a copy of the checks, IRS forms, and withholding statements to the EEOC's counsel Robert E. Weisberg, at robert.weisberg@eeoc.gov, with a copy to Kimberly Cruz at kimberly.cruz@eeoc.gov.

15. If Brown & Brown fails to timely make the Settlement Payment in accordance with the Payment Schedule, it shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, in addition to any other remedies available under this Consent Decree.

### V.    INJUNCTIVE RELIEF

16. Nothing in this Consent Decree shall be construed to limit or reduce Brown & Brown's obligation to comply with the statutes enforced by the EEOC: Title VII as amended; Title I as amended; the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–633a, as amended; the Equal Pay Act, 29 U.S.C. § 206(d); and the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000f.

### NO DISCRIMINATORY PRACTICES

17. By taking the actions described herein, Brown & Brown shall take affirmative steps to ensure that it does not subject its applicants or employees to pregnancy discrimination or otherwise discriminate on the basis of sex and pregnancy, or retaliate against its employees for engaging in Title VII-protected activity.

18. The actions described herein are intended to ensure that Brown & Brown, its

owners, representatives, agents, managers, successors and assigns consider all applicants for employment on an equal basis without regard to pregnancy status and/or pregnancy-related disability.

19. Brown & Brown shall indicate that it is an equal opportunity employer that employs persons regardless of race, religion, color, national origin, sex, disability, age (40 and over), veteran status, and other protected status as required by applicable law on its website, in all advertisements and postings for all job vacancies, and a statement to this effect in the area of its offices frequented by job applicants.

<u>ADOPTION AND DISTRIBUTION OF POLICY REGARDING PREGNANCY DISCRIMINATION</u>

20. Within **thirty calendar days** of the entry of this Consent Decree, Brown & Brown shall create and implement a pregnancy discrimination policy (the "**Policy**"). The Policy must clearly define prohibited conduct and specifically prohibit discrimination against all employees and applicants for employment on the basis of pregnancy. Specifically, at a minimum, the Policy shall:

   a. State that Brown & Brown is committed to compliance with Title VII, as amended by the Pregnancy Discrimination Act and similar state laws, will not take pregnancy into consideration at the time of employment decisions, and will engage in the interactive process with an employee or applicant who requests accommodation due to a pregnancy-related condition; and

    b.    Provide that Brown & Brown shall not fail to make an offer of employment to a qualified candidate based on that job applicant's pregnancy status, status of pregnancy-related disabilities, and/or perceived medical or disability problems relating to pregnancy.

    c.    A copy of the Policy will be provided to the EEOC for review within **thirty calendar days** of the entry of this Consent Decree. Within **seven calendar days** of the Policy's adoption, Brown & Brown shall distribute copies of it to each of Brown & Brown's employees and managers. Additionally, a copy of the Policy shall be distributed to each job applicant to whom Brown & Brown offers employment. A copy of the Policy shall also be included in any relevant policy or employee manuals or handbooks maintained by Brown & Brown. The Policy must be kept and maintained in a conspicuous and accessible area for all employees of Brown & Brown and printed in a legible font (at least 12 point font).

<u>TRAINING OF MANAGERS, SUPERVISORS, AND HUMAN RESOURCES PERSONNEL AT BROWN & BROWN'S DAYTONA BEACH LOCATION</u>

21.    During the duration of this Consent Decree, Brown & Brown shall provide all managers, supervisors, and human resources personnel in Florida who play any role in the hiring process and who work out of Brown & Brown's location in Daytona Beach, Florida, with annual training on sex discrimination in all its forms including and in particular, pregnancy discrimination.

    a.    Each training shall last a minimum of **two hours**.

b. Brown & Brown agrees to make this training mandatory and to require the attendance of all managers, supervisors, and human resources personnel in Florida who play any role in the hiring process.

c. The first training session shall take place within **180 calendar days** of the Court's entry of this Consent Decree. The remaining training session shall take place on or before **June 1, 2018**.

d. Brown & Brown shall retain, at its own expense, a subject matter expert ("**SME**") on sex discrimination, including pregnancy discrimination, to conduct the training sessions. The SME shall be identified to the EEOC within **thirty days** of the entry of this Consent Decree, and Brown & Brown must obtain the EEOC's agreement on the SME. The EEOC's agreement to the SME will not be unreasonably withheld.

e. Managers, supervisors, and human resources personnel in Brown & Brown's Daytona Beach location shall receive live, in-person training.

f. Each training shall include: (1) an explanation of sex discrimination and the laws protecting applicants and employees from it; (2) an explanation of pregnancy discrimination and the laws protecting applicants and employees from it; (3) an explanation of accommodations required as a result of pregnancy-related disabilities; (4) laws governing the hiring process with respect to sex discrimination and accommodation of pregnancy-related accommodations; and (5) a review of

>   Brown & Brown's policies and procedures with respect to pregnancy including anti-discrimination and anti-retaliation provisions, maternity leave and benefits policies.

22. During these training sessions, Brown & Brown shall provide all required participants with a copy of its Policy, described in Paragraph 20.

23. Brown & Brown agrees to notify the EEOC at least **fourteen calendar days** before each training of the date(s) and location of the training. Brown & Brown may video record the training (or record by another method capturing audio and video) and shall require any manager, supervisor, or human resources employee in the Daytona Beach location who misses the live, in-person training session to watch the training video and review all materials provided during the training session.

24. Brown & Brown further agrees to require each manager, supervisor, or human resources employee in the Daytona Beach location who misses the live, in-person training session to certify that they have watched the video recording of the training and reviewed all materials provided during the training session. Such certification must be provided to Brown & Brown's corporate counsel, Robert Bowling, or his designee within **fourteen days** of the date the required participant who missed the live, in-person training session returns to work. The parties agree that the video "make up" training is made available in an abundance of caution and shall not be used as a substitute for attendance at the live training.

25. After each training required under Paragraphs 21–24, Brown & Brown agrees to provide the EEOC with the following information within **thirty days**: (1) the number of managers, supervisors, and human resources personnel in Florida who play any role in the hiring process at the Daytona Beach location (as of the date of the training); (2) the number of live attendees in the Daytona Beach location; and (3) the number of post-live training certifications received from required participants at the Daytona Beach location. Additionally, Brown & Brown agrees that the EEOC may, at the EEOC's discretion, attend any live training session.

### TRAINING OF NON-MANAGERIAL EMPLOYEES, MANAGERS, SUPERVISORS, AND HUMAN RESOURCES PERSONNEL AT BROWN & BROWN'S FLORIDA LOCATIONS OTHER THAN DAYTONA BEACH

26. During the duration of this Consent Decree, Brown & Brown shall also provide all non-managerial employees and all managers, supervisors, and human resources personnel who play any role in the hiring process, and who work at Brown & Brown's Florida locations other than the Daytona Beach location, with annual training on sex discrimination, including pregnancy discrimination.

    a. The training, which may be conducted by webinar or video, shall last a minimum of **one hour**.

    b. The first training session shall take place within **180 calendar days** of the Court's entry of this Consent Decree. The remaining training session shall take place on or before **June 1, 2018**.

    c.    This training shall be provided by a SME on sex discrimination, including pregnancy discrimination. The SME shall be identified to the EEOC within **thirty days** of the entry of this Consent Decree, and Brown & Brown must obtain the EEOC's agreement on the SME. The EEOC's agreement on an SME will not be unreasonably withheld.

    d.    Each training shall include: (1) an explanation of sex discrimination and the laws protecting applicants and employees from it; (2) an explanation of pregnancy discrimination and the laws protecting applicants and employees from it; (3) an explanation of accommodations required as a result of pregnancy-related disabilities; and (4) review of Brown & Brown policies and procedures with respect to pregnancy including anti-discrimination and anti-retaliation provisions, maternity leave and benefits policies, and related matters.

    e.    In connection with this training, Brown & Brown will provide all required participants with a copy of the Policy, described Paragraph 20.

    f.    Brown & Brown will also provide the training attendees with names, email addresses, and contact information for at least two Brown & Brown employees who work at different locations or divisions in Florida and may receive complaints about pregnancy discrimination.

27.    Brown & Brown agrees to notify the EEOC at least **fourteen calendar days** before each training session. Brown & Brown further agrees to require each manager, supervisor, or human resources employee who misses the live,

in-person training session to certify that they have watched the webinar or a video recording of the training and reviewed all materials provided during the training session. Such certification must be provided to Brown & Brown's corporate counsel, Robert Bowling, or his designee within **fourteen days** of the date the required participant who missed the live, in-person training session returns to work.

28. After each training required under Paragraphs 26–27, Brown & Brown agrees to provide the EEOC with the following information within **thirty days**: (1) the number of managers, supervisors, and human resources personnel in Florida who play any role in the hiring process at locations other than the Daytona Beach location (as of the date of the training); and (2) the number of post-training certifications received from required participants.

## MONITORING AND REPORTING

29. Brown & Brown will provide the EEOC with annual reports for a period of **two years** following the entry of this Consent Decree. The first report will be due on or before **June 1, 2017**, and the second report will be due on or before **June 1, 2018**. Each report shall contain:

    a. A description of each pregnancy discrimination complaint made by a Brown & Brown employee, including the names, addresses, and telephone numbers of the complaining party and any witnesses identified by the complaining party;

      b.      A certification that the notice required to be posted pursuant to Paragraph 31 of this Consent Decree remained posted during the entire period preceding the report; and

      c.      A certification that the training described in Paragraphs 21–28 has been completed, including the date(s) the training was completed and a list of participants and their job titles. The EEOC may monitor compliance during the duration of this Consent Decree by inspection of Brown & Brown's facilities, records, and interviews with employees at reasonable times. Upon **thirty days'** notice by the EEOC, Brown & Brown will make available for inspection and copying any records requested by the EEOC and will make employees available for interview by EEOC to confirm compliance with this Consent Decree.

30.    Any reports or notices to the EEOC required by this Consent Decree shall be emailed to the attention of the EEOC's counsel, Robert E. Weisberg, at robert.weisberg@eeoc.gov, with a copy to Kimberly Cruz at kimberly.cruz@eeoc.gov.

POSTING OF NOTICE

31.    Within **thirty calendar days** from the Court's execution of this Consent Decree, Brown & Brown shall post an **eleven inch by fourteen inch** laminated copy of the below notice ("**Notice**") at Brown & Brown's facilities in Florida. The Notice shall be posted in conspicuous areas easily accessible to and commonly frequented by Brown & Brown employees (*e.g.*, next to the reception desk, in

the lunch room/cafeteria, in employee locker rooms). The Notice shall remain posted for the entire term of this Consent Decree. Brown & Brown shall take all reasonable steps to ensure that the postings are unaltered, unobstructed, remain in good condition. Within **forty-five calendar days** from the Court's entry of this Consent Decree, Brown & Brown shall certify to the EEOC in writing that the Notice has been properly posted as described in this Paragraph and will provide a digital photo of the postings to the EEOC's counsel.

### NOTICE TO ALL BROWN & BROWN OF FLORIDA, INC.'S EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in *E.E.O.C. v. Brown & Brown of Florida, Inc.*, No. 6:16-cv-01326-RBD-DAB (M.D. Fla.). In this case, the Plaintiff alleged that Brown & Brown of Florida, Inc. ("**Brown & Brown**") discriminated against Nicole Purcell by failing to hire her because of her pregnancy, a condition of her sex (female). Brown & Brown denied these allegations and will continue to comply with all applicable laws as set forth below.

Title VII of the Civil Rights Act of 1964 ("**Title VII**"), as amended by the Pregnancy Discrimination Act protects individuals from employment discrimination because of pregnancy. Brown & Brown will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, pregnancy discrimination. It is the policy of Brown & Brown to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability. Brown & Brown adheres to its policy of prohibiting intentional discrimination in violation of the provisions of Title VII, as amended; the Age Discrimination in Employment Act, the Genetic Information Non-Discrimination Act, the Equal Pay Act

-16-

of 1963, and/or the Americans with Disabilities Act.

Brown & Brown also assures its employees that its commitment to following these federal laws includes not taking any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with the EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Brown & Brown's policy prohibiting discrimination and retaliation in any form.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact the EEOC at **(305) 808-1740**. The EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for **two years** from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: **Brown & Brown Settlement, c/o Regional Attorney Robert E. Weisberg, U.S. Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131.**

Date: _____, 2017

### VI.   MISCELLANEOUS PROVISIONS

32. Nothing contained in this Consent Decree will be construed to limit any obligation Brown & Brown may otherwise have to maintain records under Title VII or any other law or regulation.

## DOCUMENT AND DATA RETENTION

33. Notwithstanding the expiration of the other provisions of this Consent Decree, for **one calendar year** after the expiration of the term of this Consent Decree, Brown & Brown shall retain all documents or data made or kept under this Consent Decree. Brown & Brown shall provide such documents or data to the EEOC within **fifteen business days** after receiving the EEOC's written request, provided the same is received by Brown & Brown no later than **fifteen days** after the expiration of such one-year period. Such information will be sought by the EEOC to ascertain and ensure compliance with this Consent Decree.

## DISPUTE RESOLUTION

34. In the event that either Party believes that the other Party has failed to comply with any term of this Consent Decree, the complaining Party shall notify the alleged noncomplying Party of such noncompliance in writing and afford the alleged noncomplying Party **ten calendar days** to remedy such noncompliance or satisfy the complaining Party that the alleged noncomplying Party has complied. By agreement, the Parties may extend this time period. If the alleged noncomplying Party has not remedied the alleged noncompliance or satisfied the complaining Party that it has complied within the requisite time period, the complaining Party may apply to the Court for appropriate relief ("**Dispute Resolution Provision**").

35. The Dispute Resolution Provision is not applicable to the monetary relief addressed in Part IV of this Consent Decree.

36. No Party shall contest the Court's jurisdiction to hear a dispute arising from this Consent Decree nor challenge the EEOC's ability to bring an action to enforce the terms of this Consent Decree.

## NOTIFICATION TO SUCCESSORS

37. Brown & Brown shall provide prior written notice of this lawsuit and a copy of the Complaint and this Consent Decree to any potential purchasers, successors, assigns, subsidiaries, affiliates, or any other corporation, entity, or division with which Brown & Brown may merge or consolidate. All such entities shall be bound by this Consent Decree.

## NO CONDITIONAL RECEIPT

38. Brown & Brown will not condition the receipt of individual relief on an individual's agreement to: (a) maintain as confidential the terms of this Consent Decree; (b) waive his statutory right to file a charge with any federal or state anti–discrimination agency; or (c) waive his right to apply for a position with Brown & Brown.

## COSTS

39. Each Party to this Consent Decree shall bear its own costs associated with this litigation.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 3, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record